IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES THOMAS HURD,<br><br>    Defendant. | 8:23CV208<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. Also before the Court are Plaintiff's Motion to Appoint Counsel, Filing No. 16, and Motion captioned as a "Request for Transfer Admissions," Filing No. 17. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff Susanne Becker brings this action against James Thomas Hurd, her ex-husband, for failure to pay $71,400 in child support, $8,900 in medical bills, and $3,000,000 in lost wages and retirement. Filing No. 1 at 3. Plaintiff asserts that she is entitled to these damages because she supported Defendant and their children and she was a victim of abuse. Filing No. 1 at 4. Plaintiff also asserts that Defendant filed false neglect and abuse charges against Plaintiff and removed Plaintiff's children from Texas to California without proper notification. Filing No. 1 at 4. Plaintiff seeks $3 million in damages. Filing No. 1 at 4.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); see also Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not comply with the general rules of pleading. First, in assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. See Iqbal, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. See Harry, 364 F.3d at 914. Plaintiff's allegations are predominantly legal conclusions about her ex-husband's alleged violations of Plaintiff's legal rights, and the injury he caused Plaintiff. However, the Complaint provides few facts to give context for some of her claims or support how the violations occurred. The conclusory allegations that Defendant violated the law are not entitled to an assumption of truth. Accordingly, Plaintiff's Complaint is subject to dismissal.

Second, Plaintiff's claim appears subject to dismissal under the domestic-relations doctrine. It is well-settled that the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." In re Burrus, 136 U.S. 586, 593-94 (1890). The United States Supreme Court has recognized a domestic-relations exception "to the jurisdiction of the federal courts in light of long-held understandings and policy considerations." Abel v. Abel, No. 8:19CV347, 2019 WL 4203521, at *1 (D. Neb. Sept. 5, 2019) (citing Ankenbrandt v. Richards, 504 U.S. 689, 694-95 (1992)). If Plaintiff seeks relief by changing any provision of her divorce decree, the Court would be required to entangle itself into issues of state divorce law, an area in which it does not have jurisdiction. See El v. Ricketts, No. 8:18CV327, 2018 WL 4006770, at *1 (D. Neb. Aug. 22, 2018).

## V. MOTION TO APPOINT COUNSEL

There is no constitutional or statutory right to appointed counsel in a civil case. Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Recca v. Omaha Police Dep't, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)); Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). Having carefully considered the record, the Court will not appoint counsel at this time.

## V. "REQUEST TO TRANSFER ADMISSIONS"

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible. Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case. Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief. Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

## V. CONCLUSION

Plaintiff's Complaint does not comply with the Federal Rules of Civil Procedure, nor does it allege sufficient facts to state a plausible claim. Thus, no claim is stated upon which relief may be granted. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e), and the Court will dismiss this matter without prejudice and without leave to amend.

IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.
2. Judgment shall be entered by a separate document.
3. Plaintiff's Motion to Appoint Counsel, Filing No. 16, is denied.
4. Plaintiff's Motion captioned as a "Request for Transfer Admissions," Filing No. 17, is denied.

Dated this 12th day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge