IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SUSANNE BECKER,

                    Plaintiff,

          vs.

JAMES THOMAS HURD,

                    Defendant.

**8:23CV208**


**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Susanne Becker's Objection, Filing No. 20, which the Court liberally construes either as a motion to alter or amend judgment, filed pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment, filed pursuant to Federal Rule of Civil Procedure 60(b).  For the reasons discussed below, the motion will be denied.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.  *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  Rule 60(b) provides that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect," for "newly discovered evidence," or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1),(2),(6).  The catch-all provision of Rule 60(b)(6) authorizes relief only in the most exceptional of cases.  *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007).

The Court dismissed Plaintiff's Complaint because Plaintiff's allegations were predominantly legal conclusions about her ex-husband's alleged violations of Plaintiff's legal rights, but the Complaint provided few facts to give context or support for how the

violations occurred. Filing No. 18 at 3. The Court also dismissed the claim because Plaintiff appeared to seek relief by changing provisions of her divorce decree. Accordingly, the Court lacked jurisdiction under the domestic-relations doctrine. Filing No. 18 at 4; *see also Abel v. Abel*, No. 8:19CV347, 2019 WL 4203521, at *1 (D. Neb. Sept. 5, 2019) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 694-95 (1992)).

Plaintiff's Objection does not address any of the Court's reasons for dismissal. Instead, Plaintiff primarily argues that Defendant[1] does not have immunity from paying damages as a government official. Filing No. 20 at 1. Plaintiff makes several indiscernible arguments, including that she was the only government official in her marriage because she was an employee of the United States Postal Service, and that Defendant should not be immune because he attempted to sexually assault and murder a government official. Filing No. 20 at 1. Plaintiff also argues that the Court cannot dismiss her claims due to default judgment and requests that the government provide Defendant's real address. Filing No. 20 at 2. Even construed liberally, none of Plaintiff's arguments relate in any way to the Court's Memorandum and Order at Filing No. 18, much less satisfy the requirements of Rules 59(e), or 60(b).

IT IS THEREFORE ORDERED that Plaintiff's Objection, Filing No. 20, construed either as a Rule 59(e) or Rule 60(b) motion, is denied.

Dated this 12th day of July, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[1] Plaintiff appears to refer to Defendant as James Hurd and James Peterson.